STATE OF NEBRASKA, APPELLEE, V.
MICHAEL L. CERVANTES, APPELLANT.

729 N.W.2d 686

Filed April 3, 2007.    Nos. A-06-852, A-06-878.

John H. Marsh, of Knapp, Fangmeyer, Aschwege, Besse & Marsh, P.C., for appellant.

Jon Bruning, Attorney General, and James D. Smith for appellee.

CARLSON, MOORE, and CASSEL, Judges.

CARLSON, Judge.

## INTRODUCTION

In case No. A-06-852, Michael L. Cervantes pled no contest to a charge of possession of methamphetamine. In case No. A-06-878, Cervantes pled no contest to a charge of possession of methamphetamine (count I), which was enhanced as a habitual criminal (count II). In case No. A-06-852, Cervantes was sentenced to the Nebraska Department of Correctional Services for a term of 20 months' to 5 years' imprisonment. In case No. A-06-878, Cervantes was sentenced to the Nebraska Department of Correctional Services for a term of 10 to 15 years' imprisonment, to run concurrently with the sentence imposed in case No. A-06-852. The trial court specifically found that Cervantes was a habitual offender as described in Neb. Rev. Stat. § 29-2221 (Reissue 1995). Cervantes appeals. We affirm.

## BACKGROUND

As stated in the State's brief, Cervantes entered into a plea agreement that encompassed each case as well as the dismissal or waiver of prosecution for other federal and state drug charges. The plea bargain included Cervantes' "admitting to the allegations . . . that would justify the Court finding that he is an habitual criminal." Before accepting Cervantes' plea of guilty to being a habitual criminal, the trial court obtained a factual basis for each of Cervantes' prior criminal convictions. Those facts will be set forth in detail later in this opinion.

## ASSIGNMENTS OF ERROR

Cervantes assigns that the district court erred in (1) sentencing him as a habitual criminal, (2) finding that his prior convictions are valid, and (3) imposing an excessive sentence.

## STANDARD OF REVIEW

■ A trial court is given discretion as to whether to accept a guilty plea; an appellate court will overturn that decision only where there is an abuse of discretion. *State v. Lassek*, 272 Neb. 523, 723 N.W.2d 320 (2006); *State v. Brown*, 268 Neb. 943, 689 N.W.2d 347 (2004).

■ When dispositive issues on appeal present questions of law, an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below. *State v. Alba*, 270 Neb. 656, 707 N.W.2d 402 (2005).

## ANALYSIS

*Case No. A-06-852.*

Cervantes cites no errors and makes no arguments in regard to case No. A-06-852. As a result, we find that the conviction and sentence on the charge of possession of a controlled substance (methamphetamine) is affirmed.

*Case No. A-06-878.*

As stated in the background section of this opinion, Cervantes entered pleas pursuant to a plea agreement as to counts I and II, possession of a controlled substance (methamphetamine), a Class IV felony, see Neb. Rev. Stat. § 28-416(3) (Cum. Supp. 2006), and habitual criminal, see § 29-2221 (penalty 10 to 60 years' imprisonment). Cervantes complains that the record does not show that he either had counsel or waived same on the prior convictions used to support the habitual criminal conviction. We disagree.

In reviewing the errors cited by Cervantes, it is clear that each one must fail if there was a valid plea to the habitual criminal count in case No. A-06-878. Specifically, Cervantes questions whether the court established a proper factual basis for his plea. If the plea passes muster, then the trial court did not err in finding that Cervantes' prior convictions were valid and the trial court did not err in sentencing Cervantes as a habitual criminal. Finally, in regard to an excessive sentence, Cervantes argues in his brief that the sentence in case No. A-06-878 was excessive because without the enhancement, the maximum penalty for possession of methamphetamine is 5 years' imprisonment. See § 28-416(3) and Neb. Rev. Stat. § 28-105 (Cum. Supp. 2006).

Thus, this error, as with the others, is tied to the validity of the habitual criminal plea.

In a habitual criminal proceeding, the State's evidence must establish with requisite trustworthiness, based upon a preponderance of the evidence, that (1) the defendant has been twice convicted of a crime, for which he or she was sentenced and committed to prison for not less than 1 year; (2) the trial court rendered a judgment of conviction for each crime; and (3) at the time of the prior conviction and sentencing, the defendant was represented by counsel. *State v. Hall*, 270 Neb. 669, 708 N.W.2d 209 (2005). See § 29-2221(1).

Specifically, when using a prior conviction to enhance a sentence, the State has the burden to prove the defendant was represented by counsel at the time of conviction and sentencing, or had knowingly and voluntarily waived representation for those proceedings. *Hall, supra.*

Initially, we note that Cervantes pled guilty to being a habitual criminal.

THE COURT: If I got all that correctly, the plea agreement is that in exchange for [Cervantes'] entering pleas that leads to his convictions in case CR 06-57 and CR 06-58, and also in exchange for his admitting to the allegations in Count II that would justify the Court finding that he is an habitual criminal, that the State has agreed to dismiss case CR 06-57, to recommend concurrent sentencing in these matters.

. . . .

EXAMINATION BY THE COURT:

[The court]: . . . [I]s that your understanding of the agreement?

[Cervantes]: Yes.

[The court]: Do you have any questions about that agreement?

[Cervantes]: No.

However, before accepting a guilty plea, the trial court must determine, among other things, whether a factual basis for the plea exists. *State v. Johnson*, 7 Neb. App. 723, 585 N.W.2d 486 (1998). A factual basis for a plea of guilty may be established by inquiry of the prosecutor, interrogation of the defendant, or

examination of the presentence report. *State v. Dodson*, 250 Neb. 584, 550 N.W.2d 347 (1996), *overruled on other grounds, State v. Paul*, 256 Neb. 669, 592 N.W.2d 148 (1999). The preferred procedure for ascertaining whether a factual basis exists to support a guilty plea is to inquire directly of the defendant. *Id.*

The following cited portions of the record show that the trial court established a proper factual basis before accepting Cervantes' plea of guilty to being a habitual criminal.

[The court]: In case CR 06-58, to the charge that on or about March 5th of 2006, in Buffalo County, Nebraska, that you did then and there knowingly or intentionally possess the controlled substance methamphetamine, what plea did you wish to enter?

[Cervantes]: No contest.

[The court]: Do you understand that if I accept pleas of no contest, that convictions will still be entered and that you'll be treated the same for sentencing as if you had pled guilty?

[Cervantes]: Yes, I do.

[The court]: Has anyone made any promises to you or threats against you which have either coerced you or induced you to enter your pleas against your will?

[Cervantes]: No, sir.

[The court]: . . . I want to ask you a few questions about Count II [habitual criminal] in case CR 06-58 although I suspect the State will be offering evidence at the time of the sentencing hearing.

[Counsel for the State]: Yes, sir.

EXAMINATION BY THE COURT:

[The court]: In Count II, the State alleges that on March 8th of 2001, that you in this Court were — in case CR 01-1 were convicted of a Class III felony for theft and that you were subsequently on July 19th of that year sentenced by this Court to serve a term of 18 months to five years in the State of Nebraska Department of Corrections. And that you did begin the service of that sentence on July 20th. Do you agree that those events occurred and that conviction was entered?

[Cervantes]: Yes.

*[The court]: And at that time and during those proceedings, were you represented by an attorney?*

*[Cervantes]: Yes, I was.*

[The court]: The State alleges that on August 7th of 1992, that in case 192-38 also in this Court that you were convicted of an offense of burglary and the offense of attempted burglary which were Class III and IV felonies. And that on the 14th day of May of 1992, you were sentenced by this Court to a term of one to three years to run concurrently to the State of Nebraska Department of Corrections and that you began the service of those sentences on May 15, 1992. Are you in agreement that those events occurred?

[Cervantes]: Yes, sir.

*[The court]: And during those proceedings, were you represented by an attorney?*

*[Cervantes]: Yes.*

[The court]: Finally, the State alleges that in April of 1987, in the case 10272 also in this Court, that you were convicted of the offense of unlawful distribution of a controlled substance being a Class III felony and a second count of unlawful distribution of a controlled substance as a Class III felony and that on May 28th you were sentenced by this Court to a term of one to three years on each count with 54 days credit for time served. The sentences to run concurrently, to serve that time with the Nebraska Department of Corrections and that you were committed to that institution on May 28, 1987. Do you agree with those events occurring?

[Cervantes]: Yes, I do.

*[The court]: And during those proceedings, were you represented by an attorney?*

*[Cervantes]: Yes, I was.*

(Emphasis supplied.)

After this examination of Cervantes, the court accepted Cervantes' plea to the habitual criminal charge as knowingly, voluntarily, and intelligently entered. Cervantes argues that this record is not sufficient to support his plea to the habitual criminal charge. In particular, he focuses on the term "during those

proceedings" referring to when he was represented by counsel. We disagree. The term "proceeding" is defined in Black's Law Dictionary 1241 (8th ed. 2004) as the "regular and orderly progression of a lawsuit, including all acts and events between the time of commencement and the entry of judgment." Therefore, we find that the fact of Cervantes' being represented on each prior conviction at the plea and sentencing is encompassed by the use in this record of "those proceedings." See *State v. Hall*, 270 Neb. 669, 708 N.W.2d 209 (2005).

Given the record before us, we conclude that the court established a proper factual basis for Cervantes' plea, using the preferred method of direct inquiry of Cervantes. We conclude that the district court did not err in accepting Cervantes' plea of guilty to the habitual criminal charge and that the sentence imposed by the district court was not excessive.

## CONCLUSION

After reviewing the record, we affirm Cervantes' convictions and sentences in regard to both cases Nos. A-06-852 and A-06-878 as to all counts.

AFFIRMED.