(1928) (stating that under identical statutory language, plaintiff may dismiss his action as matter of right before final submission if it does not prejudice defendant). The *Halford* court ultimately concluded that the plaintiff had a right to dismiss its case because it would not result in the loss of a substantial right of the defendant because he had not filed a setoff or counterclaim.

Based upon the facts of this case, the Sartains no longer had an absolute right to dismiss without prejudice because there had been a final submission to the court. Therefore, we find the trial court did not err in striking the notice of dismissal. The Sartains have not appealed the granting of the defendants' motions for summary judgment, and therefore that issue is not before us.

## CONCLUSION

Once the motion for summary judgment was taken under advisement, there was a final submission of the case and the Sartains no longer had an absolute right to dismiss their complaint without prejudice. The trial court did not err, therefore, in striking their notice to dismiss.

AFFIRMED.

---

STATE OF NEBRASKA, APPELLEE, V.
MATHEW W. WORKMAN, APPELLANT.

___ N.W.2d ___

Filed July 29, 2014.    No. A-12-888.

1. **Pleas: Appeal and Error.** A trial court is given discretion as to whether to accept a guilty plea; an appellate court will overturn that decision only where there is an abuse of discretion.
2. **Courts: Words and Phrases.** Drug court is a postplea or postadjudicatory drug and alcohol intensive supervision treatment program for eligible offenders.
3. **Courts: Pleas.** A drug court program participant pleads guilty and agrees to the terms and conditions of the program in exchange for the possibility of avoiding sentencing and, oftentimes, being allowed to withdraw the plea upon successful completion of the program.
4. **Courts: Convictions: Sentences.** If a drug court participant is terminated from the program or withdraws before successful completion, then the conviction stands and the case is transferred back to the original court for sentencing.

5. **Pleas.** Before accepting a guilty plea, the trial court must determine, among other things, whether a factual basis for the plea exists.
6. **Appeal and Error.** An appellate court is not obligated to engage in an analysis that is not needed to adjudicate the controversy before it.

Appeal from the District Court for Sarpy County: William B. Zastera, Judge. Judgment reversed, sentences vacated, and cause remanded for further proceedings.

Patrick J. Boylan, Chief Deputy Sarpy County Public Defender, for appellant.

Jon Bruning, Attorney General, and Kimberly A. Klein for appellee.

Inbody, Chief Judge, and Irwin and Moore, Judges.

Per Curiam.

## INTRODUCTION

In our previous opinion, *State v. Workman*, 21 Neb. App. 524, 842 N.W.2d 108 (2013), filed on December 10, 2013, we reversed the order of the district court for Sarpy County which terminated Mathew W. Workman's participation in the drug court program, due to the court's failure to provide a written statement as to the evidence relied on and the reasons for terminating his participation in that program. Workman subsequently filed a motion for rehearing. We now withdraw our prior opinion in its entirety and issue this opinion in its place, wherein we reverse the orders of the district court which accepted Workman's guilty pleas to the underlying charges of possession of a controlled substance and which terminated Workman's participation in the drug court program. Because there was not a factual basis given for Workman's pleas of guilty to the underlying charges of possession of a controlled substance, we reverse and vacate Workman's convictions and sentences, and we remand the cause to the district court for further proceedings.

## BACKGROUND

Workman was originally charged in the district court with three counts of delivery of a controlled substance, each a Class III felony. Pursuant to a plea agreement, the charges

were amended to three counts of possession of a controlled substance, each a Class IV felony. Arraignment on the amended information was continued to determine whether Workman could be accepted into drug court. On November 16, 2009, Workman pled guilty to the amended charges. At the plea hearing, Workman was asked if he understood that if he cannot complete drug court, he could be found guilty of three Class IV felonies, each punishable by a fine of up to $10,000 or confinement for a period of up to 5 years, along with other consequences, to which he responded in the affirmative. After advising Workman of his various constitutional rights, the court found that Workman's pleas were freely, voluntarily, intelligently, and knowingly made, and the court accepted the pleas. The court then stated that it would "defer factual basis for the completion of the plea, pending [Workman's] Drug Court." Workman's attorney did not object to the deferral of the factual basis or to the acceptance of Workman's pleas without a factual basis. The docket entry from November 16 filed in the district court shows that Workman entered pleas of guilty, the pleas were accepted, the factual basis was deferred, and he was referred to the drug court.

On February 21, 2012, the State filed a motion to terminate Workman's participation in the drug court program for violation of certain conditions of his drug court contract, the details of which we need not recite here. A hearing on the motion to terminate was held on March 6, at which Workman was present and represented by counsel. We need not detail the evidence that was adduced at the hearing for purposes of this opinion. However, we note that at no time during the hearing did Workman's attorney raise the issue that a factual basis had not been given prior to acceptance of the underlying pleas or that Workman had not been adjudged guilty of the underlying charges. At the conclusion of the hearing, the district court concluded that Workman's termination from participation in the drug court program was appropriate. A docket entry was made on March 6 by the district judge, finding that Workman was in violation of certain conditions in his drug court contract and that he should be terminated from participating in the drug court program. The entry then set the matter for a

later sentencing hearing. Workman filed an appeal from the March 6 docket entry which we dismissed on April 13 for lack of jurisdiction. After entry of our mandate, Workman was sentenced on August 27 to concurrent terms of 20 months' to 5 years' imprisonment on his original drug charges. At the sentencing hearing, Workman's attorney did not raise the issue of the district court's lack of authority to sentence Workman; instead, Workman's attorney agreed that there was no legal reason why sentence could not be pronounced.

In his original brief on appeal, Workman assigned as error that (1) the district court did not comply with the procedural and substantive due process safeguards required by *State v. Shambley*, 281 Neb. 317, 795 N.W.2d 884 (2011), thereby rendering erroneous the termination of Workman's participation in the drug court program, and (2) even if the *State v. Shambley* due process protections were honored, any violations by Workman of his drug court contract did not authorize imposition of a sentence, because he had agreed to the terms of a quasi-contract and not a sentence of probation.

In our previous opinion, we rejected Workman's argument that his due process rights were violated by not being provided with written notice of the hearing on the State's motion to terminate his participation in the drug court program. However, we found that the district court failed to provide Workman with a written statement as to the evidence relied on and the reasons for revoking the conditional liberty of participation in the drug court program and, as such, violated this due process right enunciated in *State v. Shambley, supra*. Accordingly, we reversed the district court's order of termination of Workman's participation in the drug court program and remanded the cause with instructions to the district court to enter an order which contains a written statement as to the evidence relied on and the reasons for revoking the conditional liberty of his participation in the drug court program, based upon the record made at the previous hearing. Because we reversed the order of termination and remanded the cause for entry of a new order which comported with due process, we also vacated the sentences imposed. As a result, we were not obligated to address Workman's second assigned error, although we noted that a

district court has authority to impose a criminal sentence if a drug court participant is terminated from the drug court program. See *State v. Shambley, supra*.

Workman moved for rehearing. In his brief in support of the motion, he assigned as error for the first time that the district court did not have authority to impose a criminal sentence on him following his termination from the drug court program, because his pleas had not been accepted and he had not been found guilty at the November 16, 2009, hearing. We granted the motion for rehearing.

## ASSIGNMENTS OF ERROR

On rehearing, Workman assigns that this court (1) mistakenly construed his first assignment of error, (2) failed to correctly analyze the issue of the district court's authority to impose a criminal sentence, and (3) failed to consider his numerous citations to the record of the termination hearing and never cited to anything in the record to support its conclusions.

## STANDARD OF REVIEW

[1] A trial court is given discretion as to whether to accept a guilty plea; an appellate court will overturn that decision only where there is an abuse of discretion. *State v. Lassek*, 272 Neb. 523, 723 N.W.2d 320 (2006); *State v. Brown*, 268 Neb. 943, 689 N.W.2d 347 (2004).

## ANALYSIS

We turn to Workman's second assigned error on rehearing, as it is dispositive of this appeal. Specifically, Workman argues, for the first time, that the district court had no authority to impose a sentence on him because—unlike the circumstances in *State v. Shambley*, 281 Neb. 317, 795 N.W.2d 884 (2011)—his pleas were never accepted and he was not adjudged guilty at the proceeding on November 16, 2009.

We disagree with Workman's contention that his pleas were not accepted. The district court, both orally at the conclusion of the hearing and in its written docket entry, accepted Workman's pleas. Workman goes on to argue, however, that he was never adjudged guilty and that "[i]t is axiomatic that

without a factual basis there is no plea." Brief for appellant on rehearing at 6.

[2-4] Drug court is "a postplea or postadjudicatory drug and alcohol intensive supervision treatment program for eligible offenders." Neb. Ct. R. § 6-1206. See *State v. Shambley, supra*. A drug court program participant pleads guilty and agrees to the terms and conditions of the program in exchange for the possibility of avoiding sentencing and, oftentimes, being allowed to withdraw the plea upon successful completion of the program. *State v. Shambley, supra*. If the participant is terminated from the program or withdraws before successful completion, then the conviction stands and the case is transferred back to the original court for sentencing. *Id*.

[5] Having reviewed the record, we agree that there was not a factual basis given prior to the acceptance of Workman's guilty pleas. *State v. Irish*, 223 Neb. 814, 394 N.W.2d 879 (1986), sets forth the requirements for finding that a guilty plea has been entered freely, intelligently, voluntarily, and understandingly. Specifically, the court must inform and examine the defendant to determine that he or she understands (1) the nature of the charge, (2) the right to assistance of counsel, (3) the right to confront witnesses against the defendant, (4) the right to a jury trial, and (5) the privilege against self-incrimination. Workman does not contend that these advisements were not given, and the record shows that the court adequately examined Workman regarding the above matters. However, *State v. Irish* also requires that the record must show that there is a factual basis for the plea and that the defendant knew the range of penalties for the crime with which he or she was charged. Although Workman was advised of the range of penalties, no factual basis was given for the pleas. Before accepting a guilty plea, the trial court must determine, among other things, whether a factual basis for the plea exists. *State v. Cervantes*, 15 Neb. App. 457, 729 N.W.2d 686 (2007).

[6] Accordingly, we conclude that without a factual basis, the district court erred in accepting Workman's guilty pleas. We therefore reverse the orders of the district court which accepted Workman's guilty pleas and terminated his

participation in the drug court program. We further reverse and vacate Workman's convictions and sentences, and we remand the cause to the district court for further proceedings. We need not address Workman's remaining assigned errors. An appellate court is not obligated to engage in an analysis that is not needed to adjudicate the controversy before it. *State v. Merchant*, 285 Neb. 456, 827 N.W.2d 473 (2013).

## CONCLUSION

The district court erred in accepting Workman's pleas of guilty without the existence of a factual basis for the pleas. We therefore reverse the orders of the district court which accepted Workman's guilty pleas and terminated his participation in the drug court program, we reverse and vacate Workman's convictions and sentences, and we remand the cause to the district court for further proceedings to allow Workman to move to withdraw his previous pleas of guilty.

Judgment reversed, sentences vacated, and cause remanded for further proceedings.

---

Jeff Bott and Victoria Bott, husband and wife, appellants, v. Thomas L. Holman and Sharon A. Holman, husband and wife, appellees.

___ N.W.2d ___

Filed July 29, 2014.    No. A-13-301.

1. **Actions: Rescission: Equity.** An action for rescission sounds in equity.
2. **Equity: Appeal and Error.** In an appeal of an equity action, an appellate court tries factual questions de novo on the record, reaching a decision independent of the findings of the trial court. Where credible evidence is in conflict on a material issue of fact, the appellate court will consider and may give weight to the fact the trial judge heard and observed the witnesses and accepted one version of the facts rather than another.
3. **Actions: Fraud: Proof.** To maintain an action for fraudulent misrepresentation, a plaintiff must allege and prove the following elements: (1) that a representation was made; (2) that the representation was false; (3) that when made, the representation was known to be false or made recklessly without knowledge of its truth and as a positive assertion; (4) that it was made with the intention that the plaintiff should rely upon it; (5) that the plaintiff reasonably did so rely; and (6) that the plaintiff suffered damage as a result.