IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
### (Memorandum Web Opinion)

STATE V. NUNEZ

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

ERIC G. NUNEZ, APPELLANT.

Filed October 4, 2016.    No. A-16-364.

Appeal from the District Court for Douglas County: J RUSSELL DERR, Judge. Affirmed.

James Walter Crampton for appellant.

Douglas J. Peterson, Attorney General, and George R. Love for appellee.

MOORE, Chief Judge, and PIRTLE and BISHOP, Judges.

BISHOP, Judge.

Eric G. Nunez pled guilty to two counts of attempted first degree sexual assault and was sentenced to 12 to 15 years' imprisonment for the first count and 12 to 15 years' imprisonment on the second count. The district court for Douglas County ordered that Nunez' sentences be served concurrently and gave him credit for 597 days served. Nunez appeals, arguing the factual basis was insufficient to support his convictions and the trial court erred in applying the time-served credit. We affirm.

### FACTUAL BACKGROUND

The State provided the following factual basis at the plea hearing:

With respect to Count 1, the State's evidence would establish that: The defendant, . . . Nunez, is cousins with [M.M.] A period covering approximately January 2009 through July 2014, they would spend time together at a trailer the defendant lived at, at 129th and Maple, here in Douglas County. The victim [M.M.] ultimately provided a statement to law

- 1 -

enforcement and indicated she was subjected to penile penetration, digital penetration, and touching of her private areas over and under her clothes by . . . Nunez. She reported this occurred on numerous occasions in the period from 2009 through 2014.

The defendant was subsequently located and interviewed by law enforcement. He gave a post-*Miranda* statement and did acknowledge touching [M.M.], including digital and penile penetration, acknowledging those occurred at that same trailer.

That would be the evidence with respect to Count 1.

With respect to Count 5, State's evidence would establish that [N.M.], also a cousin of the defendant, . . . Nunez, would spend some time at this trailer on 129th and Maple. During that time period, July 2009 through July 29, 2010, she reported an incident where she was digitally penetrated by the defendant. It occurred at that trailer. All those events, again, in Count 5, occurred in Douglas County, Nebraska.

And it would be the State's evidence that both parties identified . . . Nunez as the person that subjected them to sexual penetration.

PROCEDURAL BACKGROUND

Nunez was charged by information with five separate counts: two counts of first-degree sexual assault (Counts 1 and 5), first degree sexual assault on a child (Count 2), first degree sexual assault statutory rape (Count 3), and third degree sexual assault on a child (Count 4).

On December 1, 2015, Nunez appeared at a hearing to plead guilty to an amended information. Pursuant to a plea agreement, the State amended the information to include two counts of attempted first degree sexual assault rather than first degree sexual assault. Nunez entered pleas of guilty to the two counts of attempted first degree sexual assault (Counts 1 and 5), and the State dismissed the three remaining counts.

Prior to accepting Nunez' guilty pleas, the district court ensured that Nunez' pleas were voluntary and that he understood the rights he would be waiving. In particular, Nunez stated that he understood that "by pleading guilty [he was] admitting the truth of the charge." Additionally, after the State presented the factual basis for the pleas as recited above, Nunez' attorney stated that he had nothing to add. The court then accepted Nunez' pleas and found him guilty of both counts.

Nunez appeared for sentencing on March 7, 2016. After hearing argument from Nunez' attorney, Nunez himself, and the State, the court sentenced Nunez to 12 to 15 years' imprisonment on the first count of attempted first degree sexual assault and 12 to 15 years' imprisonment on the second count. The court also stated, "These sentences shall be served concurrently, meaning at the same time. I will give you credit for 597 days you've already served. By my calculation, you'll be eligible for release in just about four-and-a-half years at the bottom."

On March 14, 2016, the court filed a written sentencing order memorializing the March 7 hearing. In the sentencing order, the court recited the sentences and ordered that they be served concurrently. With respect to time-served credit, the sentencing order stated, "Credit for time served of 597 days granted against sentence imposed on Count 1 only."

Nunez appeals.

## ASSIGNMENTS OF ERROR

Restated, Nunez argues that the district court erred in accepting his guilty pleas without a sufficient factual basis and that the court erred in applying credit for time served only against the first count.

## STANDARD OF REVIEW

A trial court is given discretion as to whether to accept a guilty plea; an appellate court will overturn that decision only where there is an abuse of discretion. *State v. Cervantes*, 15 Neb. App. 457, 729 N.W.2d 686 (2007).

Whether a defendant is entitled to credit for time served is a question of law. *State v. Bree*, 285 Neb. 520, 827 N.W.2d 497 (2013). An appellate court reviews questions of law independently of the lower court. *Id.*

## ANALYSIS

*Sufficiency of Factual Basis for Pleas.*

Nunez assigns as error that there was an insufficient factual basis to support his guilty pleas. Nunez argues that "[w]hen the State was asked to provide a factual basis the basis given did not include any element of 'without the consent' of either victim." Brief for appellant at 7. The State argues that Nunez has either waived this claim by entering his guilty pleas or should be judicially estopped from challenging the factual basis on appeal. We find that Nunez has not waived this issue, but that there was nevertheless a sufficient factual basis to support his convictions.

The voluntary entry of a guilty plea or a plea of no contest waives every defense to a charge, whether the defense is procedural, statutory, or constitutional. *State v. Burkhardt*, 258 Neb. 1050, 607 N.W.2d 512 (2000). When a court accepts a defendant's plea of guilty or no contest, the defendant is limited to challenging whether the plea was understandingly and voluntarily made and whether it was the result of ineffective assistance of counsel. *State v. Wilkinson*, 293 Neb. 876, 881 N.W.2d 850 (2016). A sufficient factual basis is a requirement for finding that a plea was entered into understandingly and voluntarily. *Id.* Therefore, contrary to the State's contention, Nunez has not waived his challenge to the factual basis nor should he be estopped from challenging the factual basis on appeal. To determine whether the State's factual basis was sufficient, we must identify the elements of the statutes under which Nunez was convicted and determine whether the factual basis meets those elements.

Nunez pled guilty to one count of attempted first degree sexual assault as to M.M. and one count of attempted first degree sexual assault as to N.M. A defendant's conduct rises to criminal attempt if he or she intentionally engages in conduct which, under the circumstances as he or she believes them to be, constitutes a substantial step in a course of conduct intended to culminate in his or her commission of the crime. *State v. Babbit*, 277 Neb. 327, 762 N.W.2d 58 (2009). See, also, Neb. Rev. Stat. § 28-201(1) (Reissue 2008). The elements of first degree sexual assault are found under Neb. Rev. Stat. § 28-319(1) (Reissue 2008), which states:

> Any person who subjects another person to sexual penetration (a) without the consent of the victim, (b) who knew or should have known that the victim was mentally or physically

incapable of resisting or appraising the nature of his or her conduct, or (c) when the actor is nineteen years of age or older and the victim is at least twelve but less than sixteen years of age is guilty of sexual assault in the first degree.

A factual basis for a plea of guilty may be established by inquiry of the prosecutor, interrogation of the defendant, or examination of the presentence report. *State v. Cervantes*, 15 Neb. App. 457, 729 N.W.2d 686 (2007).

In addition to the factual information presented by the State at the plea hearing, the presentence report revealed that M.M. reported to police that Nunez "made her" pull down his pants prior to assaulting her and that she told Nunez "no" when he started touching her, but that he did not stop. Similarly, N.M. reported that when Nunez inserted his fingers into her vagina, she grabbed his hand and told him to stop. This evidence establishes that the attempted sexual penetration was without either M.M. or N.M.'s consent. See § 28-319(1).

Additionally, the State's factual basis revealed that Nunez subjected M.M. to penile and digital penetration, and that he subjected N.M. to digital penetration. Both of these acts constitute a substantial step in courses of conduct intended to culminate in first degree sexual assault. See § 28-201(1).

Accordingly, we conclude that there was a sufficient factual basis to support Nunez' guilty pleas to attempted first degree sexual assault of M.M. and attempted first degree sexual assault of N.M.

*Credit for Time Served.*

Nunez next assigns that the district court erred in applying 597 days credit for time served only against the first count of which he was convicted. The court's oral pronouncement of Nunez' sentence stated that Nunez was to receive credit for 597 days served. However, in its written order, the court applied the time-served credit against only one of the concurrent sentences. We conclude that any difference in the oral pronouncement and written order is irrelevant because stated either way, the sentence results in the correct credit for time served.

We first observe that a sentence validly imposed takes effect from the time it is pronounced, and when there is a conflict between the record of a judgment and the verbatim record of the proceedings in open court, the verbatim record of the earlier proceedings in open court prevails. *State v. Custer*, 292 Neb. 88, 871 N.W.2d 243 (2015). Therefore, although we do not see a conflict between the oral pronouncement and the written order in this case, to the extent there is any perceived inconsistency, the oral pronouncement governs. The court orally imposed concurrent sentences and awarded Nunez credit for 597 days served without specifying a specific count to which the credit applied. The written order applied the credit to a specific count. Regardless of how stated, the result is the same since the credit can only be applied once, as discussed next.

Under Neb. Rev. Stat. § 83-1,106 (Reissue 2014), although an offender shall be given credit for time served as a result of the charges that led to the sentences, the presentence credit is applied only once. See *State v. Custer*, 292 Neb. 88, 871 N.W.2d 243 (2015). And when credit is calculated for concurrent sentences, the longest sentence determines the offender's actual length of time in prison, and credit is "in effect" given to each sentence. *State v. Banes*, 268 Neb. 805, 688 N.W.2d

594 (2004). Thus, when concurrent sentences are imposed the credit is applied once, and the credit applied once, in effect, is applied against each concurrent sentence. *Id.*

Nunez was sentenced to 12 to 15 years' imprisonment on each count to be served concurrently. The 597 days' credit can only be applied once; it is irrelevant whether it is applied against one count or the other, since once applied, it is in effect applied against the other concurrent sentence. We find no error in the sentencing order.

## CONCLUSION

We conclude that there was a sufficient factual basis to support both of Nunez' guilty pleas to attempted first degree sexual assault. Additionally, we find no error in the sentencing order regarding credit for time served.

AFFIRMED.