Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
12/13/2016 11:16 AM CST

State of Nebraska, appellee, v.
Michael R. Schiesser, appellant.
___ N.W.2d ___

Filed December 13, 2016.    No. A-16-115.

1. **Judgments: Appeal and Error.** When issues on appeal present questions of law, an appellate court has an obligation to reach an independent conclusion irrespective of the decision of the court below.
2. **Pleas: Appeal and Error.** A trial court is afforded discretion in deciding whether to accept guilty pleas, and an appellate court will reverse the trial court's determination only in case of an abuse of discretion.
3. **Pleas: Effectiveness of Counsel.** When a court accepts a defendant's plea of no contest, the defendant is limited to challenging whether the plea was understandingly and voluntarily made and whether it was the result of ineffective assistance of counsel.
4. **Pleas.** A sufficient factual basis is a requirement for finding that a plea was entered into understandingly and voluntarily.
5. **Criminal Attempt: Intent.** A person is guilty of an attempt to commit a crime if he or she intentionally engages in conduct which would constitute the crime if the attendant circumstances were as he or she believes them to be or intentionally engages in conduct which, under the circumstances as he or she believes them to be, constitutes a substantial step in a course of conduct intended to culminate in his or her commission of the crime.
6. **Criminal Law: Aiding and Abetting.** Aiding the consummation of a felony occurs when a person intentionally aids another to secrete, disguise, or convert the proceeds of a felony or otherwise profit from a felony.
7. **Criminal Law: Words and Phrases.** Under the phrase "otherwise profit from a felony" as used in Neb. Rev. Stat. § 28-205 (Reissue 2016), the word "profit" is used as a verb and means to make returns, proceeds, or revenue on a transaction.

8. **Criminal Law: Aiding and Abetting**. Pursuant to Neb. Rev. Stat. § 28-205 (Reissue 2016), there is no requirement that the proceeds in question be "profit from a felony" as to both the one who aids and the one who is aided. It is enough that the person who is aided receives the returns or proceeds as a result of the commission of a felony and that the person who aids has intentionally assisted the person aided in enjoying these returns or proceeds.

9. \_\_\_\_: \_\_\_\_. To be convicted under Neb. Rev. Stat. § 28-205 (Reissue 2016), it is not necessary that the underlying felony be committed in Nebraska.

10. **Criminal Law: Aiding and Abetting: Time.** Aiding the consummation of a felony is concerned with conduct that occurs after a felony is committed and is a distinct crime.

Appeal from the District Court for Lancaster County: Lori A. Maret, Judge. Affirmed.

John S. Berry, of Berry Law Firm, for appellant.

Douglas J. Peterson, Attorney General, and George R. Love for appellee.

Inbody, Riedmann, and Bishop, Judges.

Riedmann, Judge.

## INTRODUCTION

Michael R. Schiesser appeals from his plea-based conviction of attempted aiding the consummation of a felony. On appeal, he claims the factual basis supporting his plea is insufficient to sustain the conviction. We find no merit to his argument and therefore affirm.

## BACKGROUND

Schiesser was initially charged with possession of money to be used in violating Neb. Rev. Stat. § 28-416(1) (Cum. Supp. 2014) and aiding the consummation of a felony. Pursuant to a plea agreement, Schiesser pled no contest to the amended information charging him with attempted aiding the consummation of a felony. The State provided a factual basis at the

plea hearing, and the district court accepted the plea and found Schiesser guilty. Schiesser was sentenced to 365 days in jail and received a $1,000 fine.

## ASSIGNMENT OF ERROR

Schiesser assigns that the factual basis of his plea of no contest was insufficient to support a finding of guilty.

## STANDARD OF REVIEW

[1] When issues on appeal present questions of law, an appellate court has an obligation to reach an independent conclusion irrespective of the decision of the court below. *State v. Wilkinson*, 293 Neb. 876, 881 N.W.2d 850 (2016).

[2] A trial court is afforded discretion in deciding whether to accept guilty pleas, and an appellate court will reverse the trial court's determination only in case of an abuse of discretion. *Id*.

## ANALYSIS

Schiesser argues that the factual basis provided by the State was insufficient to support a finding of guilty. The State claims that because Schiesser pled no contest to the charge, he either waived his ability to challenge the factual basis or should be judicially estopped from asserting a position on appeal which contradicts his position at the trial level. We disagree with the State.

[3,4] In *State v. Wilkinson, supra*, the defendant pled no contest to an amended complaint in county court. He never moved to quash the amended complaint and was found guilty of the charge. He appealed, and the district court affirmed. He appealed again, and the Supreme Court moved the case to its docket. The defendant argued on appeal that the district court erred by affirming the county court's finding that there was a sufficient factual basis to support the conviction. The Supreme Court observed that when a court accepts a defendant's plea of no contest, the defendant is limited to challenging whether the plea was understandingly and voluntarily

made and whether it was the result of ineffective assistance of counsel. See *id.* The court iterated that a sufficient factual basis is a requirement for finding that a plea was entered into understandingly and voluntarily. *Id*. The court therefore found that the defendant had not waived his challenge to the factual basis. *Id*.

The same logic applies in the present case, and thus, Schiesser has not waived his challenge to the factual basis supporting his plea. Similarly, because a sufficient factual basis is a requirement for finding that a plea was entered into understandingly and voluntarily, the defendant is not judicially estopped from challenging the factual basis even after pleading no contest and essentially declining to challenge the factual basis to the trial court. See *State v. Wilkinson, supra*. We therefore address Schiesser's assignment of error and determine whether the factual basis supports the necessary elements of the crime of which Schiesser was convicted.

[5] Schiesser pled no contest to attempted aiding the consummation of a felony. A person is guilty of an attempt to commit a crime if he or she intentionally engages in conduct which would constitute the crime if the attendant circumstances were as he or she believes them to be or intentionally engages in conduct which, under the circumstances as he or she believes them to be, constitutes a substantial step in a course of conduct intended to culminate in his or her commission of the crime. Neb. Rev. Stat. § 28-201(1) (Cum. Supp. 2014).

[6-8] Aiding the consummation of a felony occurs when a person intentionally aids another to secrete, disguise, or convert the proceeds of a felony or otherwise profit from a felony. Neb. Rev. Stat. § 28-205 (Reissue 2016). Under the phrase "otherwise profit from a felony" as used in § 28-205, the word "profit" is used as a verb and means to make "'returns, proceeds, or revenue' on a transaction." *State v. Hansen*, 289 Neb. 478, 482, 855 N.W.2d 777, 782 (2014). There is no requirement that the proceeds in question be "profit from a felony" as

to both the one who aids and the one who is aided. It is enough that the person who is aided receives the returns or proceeds as a result of the commission of a felony and that the person who aids has intentionally assisted the person aided in enjoying these returns or proceeds. *State v. Hansen, supra*.

[9] Schiesser argues that the factual basis was insufficient to prove where the money came from, for what purpose it was to be used, and whether it was the proceeds of a crime committed in Nebraska. Specifically, he argues that "the State still failed to adduce evidence that the $23,000 in possession of [Schiesser] either came from the sale of narcotics in Nebraska, would be used to purchase or sell narcotics in Nebraska or would be transported back through Nebraska." Brief for appellant at 9. To be convicted under § 28-205, however, it is not necessary that the underlying felony be committed in Nebraska. Rather, the statute requires only that a person intentionally aids another to secrete, disguise, or convert the proceeds of a felony or otherwise profit from a felony. The question therefore is whether the evidence provided a sufficient factual basis for the commission of a felony.

In the present case, we find the evidence sufficient to establish a factual basis supporting the charge. Specifically, the State proved a sufficient factual basis by way of inquiry of the prosecutor at the plea hearing and the information contained in the presentence report. See *State v. Cervantes*, 15 Neb. App. 457, 729 N.W.2d 686 (2007) (factual basis for plea may be established by inquiry of prosecutor, interrogation of defendant, or examination of presentence report). The evidence establishes that on September 11, 2014, Schiesser was traveling from Wisconsin to California when his vehicle was stopped by police for a traffic violation in Lancaster County, Nebraska. The officer detected the odor of "burnt marijuana" coming from the vehicle, and Schiesser admitted that he and his passenger had previously smoked marijuana in the vehicle but denied the existence of any controlled substances in the vehicle. Schiesser denied that either he or the passenger was

carrying a large amount of currency, stating that he was carrying only approximately $1,000 of "travel cash."

While searching the vehicle, the officer detected the "very distinct odor of burnt marijuana . . . mixed with the odor of raw marijuana." The officer located a "roach," "a small bit of marijuana," a "small amount of loose marijuana," and "some Fruity Pebble marijuana treats." Despite Schiesser's statements to the contrary, the officer also located approximately $23,000 in banded currency in various locations in the vehicle, including the center console and in a shoebox underneath the back seat. According to police, the currency was bundled in a manner consistent with previously seized currency which was involved in criminal activity. A canine sniff of the currency alerted for the odor of narcotics, and a pretest performed on the currency identified cannabis residue. Schiesser took "full ownership" of the money because he "didn't want [the passenger] to get into trouble."

As further factual basis for the charge, the prosecutor stated that there appeared to have been another trip back to Wisconsin (where Schiesser previously lived) in August 2014. Police also located shipping package labels, "all consistent with the distribution of controlled substances." The prosecutor concluded by stating that "the officer believed that this money was also used or were proceeds from the distribution of the controlled substances."

Schiesser has previous marijuana-related criminal convictions out of Wisconsin between 2004 and 2013, including those for manufacturing/delivering, possession of marijuana, possession with intent to deliver, and maintaining a drug trafficking place. Schiesser's multistate criminal history record contained in the presentence report contains convictions of manufacture/deliver THC; possession of THC, subsequent offense; and possession with intent to deliver, all of which are felony crimes in Wisconsin. Schiesser has a medical marijuana card issued to him in California and admitted to smoking marijuana daily for "'pain relief,'" although he denied having any ongoing

health problems. According to the presentence report, Schiesser indicated that he performs "'odd jobs'" to earn money and denied selling marijuana for profit since he lived in Wisconsin 2 years earlier. He declined to answer questions about growing marijuana. The passenger in the vehicle, however, reported that Schiesser grows marijuana in California and distributes it to dispensaries and patients in the state.

We find that the above evidence, albeit circumstantial, is sufficient to establish the underlying felony of intent to deliver and/or delivery of marijuana in Wisconsin. See *State v. Badami*, 235 Neb. 118, 453 N.W.2d 746 (1990) (holding that appellant's possession of drug and drug paraphernalia and his statement that he had drug problem, although circumstantial evidence, provided sufficient factual basis for finding of guilt of charge of operating motor vehicle while under influence of drug). See, also, *State v. Abraham*, 189 Neb. 728, 205 N.W.2d 342 (1973) (stating that conviction may be based upon circumstantial evidence when facts and circumstances tending to connect accused with crime charged are of such conclusive nature as to exclude to moral certainty every rational hypothesis except that of guilt).

The passenger was a resident of Wisconsin and told the officer that he was accompanying Schiesser on the drive to California and that Schiesser was going to buy him a return airline ticket. The passenger was found to have $1,000 in cash on his person and said that Schiesser gave him the money while they were seated in the police car during the traffic stop. In a recorded telephone call made while Schiesser was incarcerated, Schiesser admitted that of the $15,000 located in the shoebox in the vehicle, $9,000 was his and $6,000 belonged to the passenger.

[10] We find the above evidence establishes that Schiesser attempted to aid the consummation of the felony of possession with intent to deliver and/or delivery of marijuana in Wisconsin and then possessed drug money in Nebraska in violation of § 28-416(17), which is a Class IV felony. Aiding

the consummation of a felony occurred when Schiesser gave $1,000 to the passenger, or in other words, he attempted to intentionally aid the passenger in profiting from a felony. The fact that Schiesser may also be the principal to the underlying felony is not inconsistent with his conviction for attempted aiding the consummation of the felony, because aiding the consummation of a felony is concerned with conduct that occurs after a felony is committed and is a distinct crime. See *State v. Hansen*, 289 Neb. 478, 855 N.W.2d 777 (2014).

We find no requirement, nor does Schiesser direct us to any, that the underlying felony must have occurred in Nebraska. Rather, the State must establish that the crime of which Schiesser was charged occurred in Lancaster County, Nebraska, and the State did so. See *Peterson v. Houston*, 284 Neb. 861, 824 N.W.2d 26 (2012) (State must prove proper venue beyond reasonable doubt in criminal cases). Accordingly, we find that the factual basis is sufficient to prove beyond a reasonable doubt that Schiesser is guilty of attempted aiding the consummation of a felony. We therefore affirm the conviction and sentence.

## CONCLUSION

Because the factual basis is sufficient to support the conviction for attempted aiding the consummation of a felony, we affirm.

AFFIRMED.