IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. KOCHEN

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

MATHEW A. KOCHEN, APPELLANT.

Filed November 4, 2025.    Nos. A-25-292, A-25-293.

Appeals from the District Court for Cass County: MICHAEL A. SMITH, Judge. Affirmed.

Michael Ziskey, of Fankhauser, Nelsen, Werts, Ziskey & Merwin, P.C., L.L.O., for appellant.

Michael T. Hilgers, Attorney General, and Melissa R. Vincent for appellee.

RIEDMANN, Chief Judge, and MOORE and WELCH, Judges.

RIEDMANN, Chief Judge.

## I. INTRODUCTION

Mathew A. Kochen appeals from the judgments and sentencing orders of the district court for Cass County following his plea-based convictions under two separate criminal cases. We have consolidated the cases for the purposes of appeal. For the following reasons, we reject his assigned errors and affirm the judgments and sentencing orders of the district court.

## II. BACKGROUND

On July 2, 2024, the State filed an information in the district court under CR24-63, charging Kochen with two counts of strangulation, both Class IIIA felonies. See Neb. Rev. Stat. § 28-310.01(1) (Cum. Supp. 2024). On October 3, the State filed another information in the district court under CR24-105, charging Kochen with count I, first degree sexual assault of a child who is at least 12 but less than 16 years old, a Class IB felony; and count II, felony child abuse, a Class

IIIA felony. See Neb. Rev. Stat. § 28-319.01 (Reissue 2016); Neb. Rev. Stat. § 28-707 (Cum. Supp. 2024). The record shows there was also a third case filed under CR24-104.

Kochen reached a plea agreement that resolved all his pending criminal cases, and his trial counsel explained the terms of the agreement during the plea hearing. Under CR24-63, Kochen would enter a plea to one count of strangulation, and the other count would be dismissed. Under CR24-105, the State agreed to file an amended information amending count I to attempted first degree sexual assault of a child who is at least 12 years old but less than 16 years old, a Class II felony, and count II would remain unchanged. See Neb. Rev. Stat. § 28-201 (Cum. Supp. 2024); § 28-319.01. CR24-104 would also be dismissed in its entirety. In exchange, Kochen would enter pleas to the amended charges.

Following his trial counsel's explanation of the agreement, Kochen entered guilty pleas to the amended charges under CR24-63 and CR24-105. The State offered the following factual basis in support of the pleas. In regard to CR24-63, on or about May 28, 2024, police were dispatched to a report of an assault. They made contact with the victim, R.C., who reported she and Kochen had gotten into an argument. During the argument, Kochen grabbed R.C. by the neck, pulled her hair, and lifted her up off the ground while still grabbing her neck, impairing her ability to breathe. Concerning CR24-105, on or about August 16, R.C. reported to law enforcement that she had consensual sex with Kochen sometime between July 1 and September 16, 2020, when she was 15 years old.

Following the State's recitation of the factual basis, the court accepted Kochen's pleas and adjudged him guilty of the amended charges under CR24-63 and CR24-105. The court ordered a presentence investigation (PSI) and a psychosexual evaluation in each case and set a date for a sentencing hearing.

On March 24, 2025, the sentencing hearing was held. Kochen's trial counsel moved for a continuance in both cases because the psychosexual evaluation had not been completed or arranged for by the office of probation. However, she stated that, if the court was not inclined to grant her request for a continuance, she and Kochen were prepared to proceed with sentencing. The State objected to the request because it did not believe that the results of the evaluation would affect the sentences imposed and, if it would affect the treatment he received, he could undergo the evaluation while incarcerated. The court ultimately denied the motion and proceeded with sentencing.

Under CR24-63, Kochen was sentenced on the remaining count to 2 to 3 years' incarceration. This sentence was ordered to run consecutive to the sentence imposed under CR24-105, and he was given 57 days' credit for time previously served. Under CR24-105, Kochen was sentenced, on count I, to 35 to 40 years' incarceration and, on count II, to 2 to 3 years' incarceration. The sentences under CR24-105 were ordered to run concurrent to one another and he was given 189 days' credit for time previously served. Kochen appeals.

## III. ASSIGNMENTS OF ERROR

Kochen assigns as error, restated and condensed, that (1) the district court abused its discretion by accepting his plea to count I under CR24-105 because it was not understandingly and voluntarily made, (2) his trial counsel was ineffective in multiple respects, and (3) the district court abused its discretion by imposing excessive sentences.

## IV. STANDARD OF REVIEW

A trial court is afforded discretion in deciding whether to accept guilty pleas, and an appellate court will reverse the trial court's determination only in case of an abuse of discretion. *State v. Mead*, 313 Neb. 892, 987 N.W.2d 271 (2023).

Whether a claim of ineffective assistance of counsel may be determined on direct appeal is a question of law. *State v. Clark*, 315 Neb. 736, 1 N.W.3d 487 (2024). In reviewing claims of ineffective assistance of counsel on direct appeal, an appellate court decides only whether the undisputed facts contained within the record are sufficient to conclusively determine whether counsel did or did not provide effective assistance and whether the defendant was or was not prejudiced by counsel's alleged deficient performance. *Id.*

Absent an abuse of discretion by the trial court, an appellate court will not disturb a sentence imposed within the statutory limits. *State v. Woolridge-Jones*, 316 Neb. 500, 5 N.W.3d 426 (2024). An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Id.*

## V. ANALYSIS

### 1. DISTRICT COURT DID NOT ABUSE DISCRETION BY ACCEPTING KOCHEN'S PLEA

Kochen assigns the court abused its discretion by accepting his plea to count I, attempted first degree sexual abuse of a child, under CR24-105. He contends that it was not understandingly and voluntarily made because the State offered an insufficient factual basis because it did not allege any facts which showed his age at the time of the offense.

To support a plea of guilty or no contest, the record must establish that (1) there is a factual basis for the plea and (2) the defendant knew the range of penalties for the crime with which he or she is charged. *State v. Wilkinson*, 293 Neb. 876, 881 N.W.2d 850 (2016). When a court accepts a defendant's plea of guilty or no contest, the defendant is limited to challenging whether the plea was understandingly and voluntarily made and whether it was the result of ineffective assistance of counsel. *Id.* A sufficient factual basis is a requirement for finding that a plea was entered into understandingly and voluntarily. *Id.* A factual basis for a plea of guilty may be established by inquiry of the prosecutor, interrogation of the defendant, or examination of the presentence report. *State v. Cervantes*, 15 Neb. App. 457, 729 N.W.2d 686 (2007).

To ascertain whether the State's factual basis was sufficient, we must identify the elements of the statute under which Kochen was convicted and determine whether the factual basis meets those elements. Kochen pled guilty and was convicted of attempted first degree sexual assault of a child. Section 28-319.01 provides, in relevant part, a person commits sexual assault of a child in the first degree "[w]hen he or she subjects another person who is at least twelve years of age but less than sixteen years of age to sexual penetration and the actor is twenty-five years of age or older." Section 28-201 also provides, in relevant part, that a person is guilty of an attempt to commit a crime if he or she

> (a) Intentionally engages in conduct which would constitute the crime if the attendant circumstances were as he or she believes them to be; or

(b) Intentionally engages in conduct which, under the circumstances as he or she believes them to be, constitutes a substantial step in a course of conduct intended to culminate in his or her commission of the crime.

To support Kochen's guilty plea to the charge, the State was required to provide a factual basis which showed R.C. was under the age of 16 and Kochen was over the age of 25 at the time of their sexual contact. We agree with Kochen that the State's factual basis recited at the plea hearing did not allege he was over the age of 25 at the relevant time. However, the State alleged in its recitation that the sexual contact between Kochen and R.C. occurred between July and September 2020, and the PSI shows that Kochen was born on August 2, 1983. Thus, the PSI supports the conclusion that Kochen was 36 or 37 years old—well over the age of 25—at the time of the relevant sexual contact.

Because a factual basis for a plea of guilty may be established by examination of the PSI, here, there is a sufficient factual basis to support Kochen's guilty plea to the charge of attempted first degree sexual assault of a child. See *Cervantes, supra*. We therefore reject this assigned error.

## 2. TRIAL COUNSEL WAS NOT INEFFECTIVE

Kochen also assigns, through new counsel on appeal, that in both cases his trial counsel was ineffective by (1) failing to properly investigate the case, (2) allowing him only 24 hours to accept or reject the plea agreement, and (3) failing to make a strong argument to continue the sentencing hearing.

When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record; otherwise, the issue will be procedurally barred in a subsequent postconviction proceeding. *State v. Rezac*, 318 Neb. 352, 15 N.W.3d 705 (2025). However, the fact that an ineffective assistance of counsel claim is raised on direct appeal does not necessarily mean that it can be resolved. *Id*. The determining factor is whether the record is sufficient to adequately review the question. *Id*. The record is sufficient if it establishes either that trial counsel's performance was not deficient, that the appellant will not be able to establish prejudice as a matter of law, or that trial counsel's actions could not be justified as a part of any plausible trial strategy. *Id*.

Generally, to prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. *State v. Blaha*, 303 Neb. 415, 929 N.W.2d 494 (2019). To show that counsel's performance was deficient, a defendant must show that counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. *Id*. When a conviction is based upon a guilty or no contest plea, the prejudice requirement for an ineffective assistance of counsel claim is satisfied if the defendant shows a reasonable probability that but for the errors of counsel, the defendant would have insisted on going to trial rather than pleading guilty. *Id*. When a claim of ineffective assistance of trial counsel is raised in a direct appeal, the appellant is not required to allege prejudice; but an appellant must make specific allegations of the conduct that he

or she claims constitutes deficient performance by trial counsel. See *State v. Lierman*, 305 Neb. 289, 940 N.W.2d 529 (2020).

### (a) Failure to Investigate

Kochen assigns that his trial counsel was ineffective by failing to properly investigate the cases. In regard to CR24-63, he argues his counsel failed to explore a potential self-defense argument "and other issues regarding previous aggressive behaviors of the victim." Brief for appellant at 9. Concerning CR24-105, he argues his trial counsel failed to investigate whether R.C. had actually turned 16 years old prior to the offense.

Kochen's assignment of error that counsel was ineffective in failing to properly investigate is insufficient to preserve this error for review. See *State v. Wood*, 310 Neb. 391, 966 N.W.2d 825 (2021) (determining assignment of error that counsel was ineffective in "Failing to Investigate the Case Fully" failed to specifically allege deficient performance and refusing to scour remainder of brief in search of such specificity). See, also, *State v. Mrza*, 302 Neb. 931, 926 N.W.2d 79 (2019), *disapproved on other grounds, State v. Hagens*, 320 Neb. 65, ___ N.W.3d___ (2025). Therefore, we do not address it.

### (b) Allowance of 24 Hours to Accept Plea Agreement

Kochen next claims his trial counsel was ineffective because she presented him with a plea agreement on November 26, 2024, and gave him only one day to decide whether to accept it. The record indicates that on December 2, trial counsel filed a notice of entry of plea that was scheduled for December 9.

Prior to accepting Kochen's plea, the district court recited the terms of the plea agreement. The court then asked Kochen if he understood the terms of the agreement, to which he responded, "Yes." It then asked Kochen whether he wished to plead to the amended charges, and he responded, "Yes, Your Honor." To the extent Kochen is arguing that he only had one day to make an irrevocable decision, the record refutes this claim. The court gave him an opportunity to revoke his decision and he failed to do so.

Moreover, the State was granted leave to file the amended information during the plea hearing and the district court informed Kochen of his right to formal 24-hour service and a formal reading of the amended information. Kochen waived these rights, even though invoking them would have given him more time. At no time did he advise the court he wanted more time to consider the plea agreement. This claim of ineffective assistance of counsel fails.

### (c) Failing to Make Strong Argument or Written Motion to Continue Sentencing

Lastly, Kochen argues that his trial counsel was ineffective because, although she did verbally request that the court continue sentencing because the psychosexual evaluation had not yet been completed, she failed to make a "strong argument" to convince the court to actually order the continuance. Kochen alternately asserts that his trial counsel should have filed a verified motion to continue sentencing; or, at the very least, should not have indicated she and Kochen were prepared to proceed with sentencing while simultaneously requesting a continuance.

Kochen cannot show prejudice because he cannot show that filing a verified motion or making a "stronger argument" would have had any different result than the oral motion made by

trial counsel. The State objected to the continuance because although the psychosexual evaluation results may affect treatment, they would not affect the sentence given. The court denied the motion.

Despite the absence of the evaluation results, the PSI contained several assessments which detailed Kochen's sexual history and attitudes. These included the Domestic Violence Offender Matrix (DV Matrix), which showed Kochen scored in the "high-risk range;" the Vermont Assessment of Sex Offender Risk-2 (VASOR-2), which showed Kochen was at a moderate to low risk for sexual and violent recidivism; and the Sex Offender Treatment Intervention and Progress Scale (SOTIPS), which showed Kochen was in the "high category" for re-offense risk. Although the VASOR-2 evaluation showed he was at a moderate to low risk to reoffend, the PSI explained that, based on his combined score from the VASOR-2 and SOTIPS assessments, Kochen was determined to be in the moderate-high risk range to sexually reoffend.

In sum, the PSI included information regarding Kochen's sexual behavior, and Kochen cannot prove he was prejudiced by counsel's failure to file a verified motion or make a stronger argument to continue. This assignment of error fails.

### 3. DISTRICT COURT DID NOT IMPOSE EXCESSIVE SENTENCES

Kochen lastly assigns the court erred by imposing excessive sentences. He argues the court abused its discretion by ordering the sentence under CR24-63 to run consecutive to those imposed under CR24-105 because they were sufficiently related crimes and thus the sentences should have been ordered to run concurrently. Regarding CR24-105, Kochen contends that

> the court abused its discretion by not granting [his] motion to continue sentencing to allow for the completion of the psychosexual evaluation it had ordered and by imposing an excessive sentence that did not consider [his] lack of any violent criminal history, his acceptance of responsibility and the efforts he had taken to make changes in his life.

Brief for appellant at 14.

As an initial matter, we do not address whether the court abused its discretion by not granting a continuance of the sentencing hearing because this argument was not properly assigned as error. An alleged error must be both specifically assigned and specifically argued to be addressed on appeal. See *State v. Rupp*, 33 Neb. App. 562, 19 N.W.3d 771 (2025).

Further, Kochen was convicted of a Class II felony, punishable a minimum of 1 year and maximum of 50 years' imprisonment, and two Class IIIA felonies, punishable by a maximum of 3 years' incarceration and 18 months' post-release supervision, a $10,000 fine, or both. See Neb. Rev. Stat. § 28-105 (Cum. Supp. 2024). He was ultimately sentenced to 35 to 40 years' incarceration for the Class II felony offense, and 2 to 3 years' incarceration on each Class IIIA felony. It is undisputed that the sentences imposed are within the statutory guidelines; we therefore review the sentences only for an abuse of discretion.

Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether a sentencing court abused its discretion in considering and applying the relevant factors, as well as any applicable legal principles in determining the sentence to be imposed. *State v. Rezac*, 318 Neb. 352, 15 N.W.3d 705 (2025). In determining a sentence to be imposed, relevant factors customarily considered and applied are the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past

criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime. *Id*. The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id*. Additionally, it is within the discretion of the trial court to impose consecutive rather than concurrent sentences for separate crimes. See *State v. Artis*, 296 Neb. 172, 893 N.W.2d 421 (2017). This is true even when the crimes arise out of the same incident. *Id*.

The court expressly stated at the sentencing hearing that it considered Kochen's age, experience, social and cultural background, criminal record, and the motivation and nature of the offense; the information in the PSI; and the character reference letters and victim impact statement. Further, the PSI shows that Kochen was 41 years old at the time of the interview, he had two dependents, and a high school education.

Although Kochen argues he has no prior convictions for a violent offense, he has been charged with numerous ones. The PSI indicates prior charges of assault with a weapon, multiple violations of a protection order, strangulation, terroristic threats, and use of a firearm to commit a felony, all of which were amended to either theft charges or intimidation through electronic communication.

Further, the Level of Service Case Management Inventory reported that Kochen was at a "medium/high" risk to reoffend. The DV-Matrix showed he scored in the "high-risk range" and, based on his combined score from the VASOR-2 and SOTIPS assessments, Kochen was determined to be in the moderate-high risk range to sexually reoffend.

Moreover, although the PSI noted that Kochen had begun attending Bible studies while incarcerated, it also explained he had not taken adequate responsibility for the offenses. His SOTIPS score was so high in part because he scored in the "very considerable need for improvement" category in the area of sexual offense responsibility. Notably, in regard to his charges for strangulation, he stated during the PSI interview that "[a]ll he was trying to do was protect himself" from R.C. Concerning the sexual assault charge, he believed R.C. reported it only because she was mad at him, and he implied that she had lied about them having sex prior to her 16th birthday. Kochen further expressed "how sorry he [was] for what had occurred, but he [did] disagree with the charges."

The PSI also contained R.C.'s victim impact statement which described the events of the strangulation as extremely violent. Notably, the Substance Abuse Questionnaire (SAQ) results showed that Kochen had violent tendencies and a well-established pattern of violence. The SAQ results explained that he could be dangerous to himself or others and was likely to be "intimidating, threatening, dangerous, and potentially brutal or even savage." R.C.'s victim impact statement also explained the severity of Kochen's grooming and sexual advances and the negative impact it had on her psychologically.

We additionally note the substantial benefit Kochen received as a result of the plea agreement. Kochen was originally charged with a Class IB felony, punishable by a mandatory minimum of 15 years' imprisonment and a maximum of life imprisonment, and three Class IIIA felonies, each punishable by a maximum of 3 years' imprisonment and 18 months' post-release supervision, a $10,000 fine, or both. See, § 28-319.01; § 28-105. However, because of the plea

agreement, Kochen was ultimately convicted of a Class II felony, punishable by a minimum of 1 year and maximum of 50 years' imprisonment, and two Class IIIA felonies. See § 28-105. CR24-104 was also dismissed in its entirety.

Although Kochen complains his sentences under CR24-105 are lengthy, the record shows the district court properly considered the sentencing factors, Kochen's offenses were severe in nature, and he received a substantial benefit from the plea agreement.

When the district court imposed Kochen's sentences and ordered the sentence under CR25-63 to run consecutive to those imposed under CR24-105, it was cognizant of the nature of the offenses and the fact the same victim was identified in both cases. However, the circumstances of sexual assault and the strangulation were severe, and these incidents occurred multiple years apart from one another. The district court did not abuse its discretion by ordering the sentence in CR24-63 to run consecutive to those imposed under CR24-105.

Based on the record before us, we find no abuse of discretion by the district court in sentencing Kochen.

## VI. CONCLUSION

For the foregoing reasons, we affirm the judgments and sentencing orders of the district court.

AFFIRMED.